IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RIVER EAST PLAZA, L.L.C., f/k/a MCL CLYBOURN SQUARE SOUTH, L.L.C., a Delaware limited liability company,<br><br>　　　　　Plaintiff/Counterdefendant,<br><br>v.<br><br>The Variable Annuity Life Insurance Company, a Texas Corporation,<br><br>　　　　　Defendant/Counterclaimant/<br>　　　　　Third-Party Plaintiff,<br><br>v.<br><br>DANIEL E. MCLEAN,<br><br>　　　　　Third-Party Defendant. | Case No. 03 C 4354<br><br>Hon. Judge John W. Darrah<br><br>Magistrate Judge Bobrick |

## RIVER EAST'S MOTION FOR ENTRY OF JUDGMENT

Plaintiff/Counterdefendant RIVER EAST PLAZA, L.L.C. ("River East") and Third-Party Defendant DANIEL E. MCLEAN ("McLean"), by and through their attorneys, for their Motion for Entry of Judgment, state as follows:

### INTRODUCTION

This Court has already made all the holdings and findings necessary to enter judgment on all counts and claims and terminate this matter. The Court of Appeals has directed this Court to enter judgment in favor of the Variable Annuity Life Insurance Company ("VALIC") on Count I of River East's Second Amended Complaint. The appellate court did not, however, reverse this Court's finding that River East would have prevailed on Count II of its Complaint or holding that River East

468034.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| RIVER EAST PLAZA, L.L.C., f/k/a MCL CLYBOURN SQUARE SOUTH, L.L.C., a Delaware limited liability company, ) ) ) ) Plaintiff/Counterdefendant, ) ) v. ) ) The Variable Annuity Life Insurance Company, a Texas Corporation, ) ) Defendant/Counterclaimant/ ) Third-Party Plaintiff, ) ) v. ) ) DANIEL E. MCLEAN, ) ) Third-Party Defendant. ) | Case No. 03 C 4354<br><br>Hon. Judge John W. Darrah<br><br>Magistrate Judge Bobrick |

## RIVER EAST'S MOTION FOR ENTRY OF JUDGMENT

Plaintiff/Counterdefendant RIVER EAST PLAZA, L.L.C. ("River East") and Third-Party Defendant DANIEL E. MCLEAN ("McLean"), by and through their attorneys, PEDERSEN & HOUPT, P.C., for their Motion for Entry of Judgment, state as follows:

### INTRODUCTION

This Court has already made all the holdings and findings necessary to enter judgment on all remaining counts and claims and terminate this matter. The court of appeals has directed this Court to enter judgment in favor of the Variable Annuity Life Insurance Company ("VALIC") on Count I of River East's Second Amended Complaint. The appellate court did not, however, reverse this Court's factual findings in favor of River East on Count II of the Complaint or its holding that River

East is, independently of Count I, a "prevailing party" in this lawsuit and is, therefore, not liable on VALIC's counterclaim for attorneys' fees. Nor did the court of appeals reverse this Court's holding that VALIC's attorneys' fees fall outside the definition of "Guaranteed Obligations" in McLean's Personal Guaranty. There is no reason to reconsider any of these rulings. [1] The Court should, therefore, enter judgment in favor of VALIC on Count I of the Second Amended Complaint, in favor of River East on Count II, leave untouched its judgments in favor of River East on VALIC's counterclaim and in favor of McLean on VALIC's third-party complaint and terminate this case.

## PROCEDURAL POSTURE

### A. River East's Claims

This case involved the terms of a Promissory Note secured by a Mortgage on commercial real estate executed in December, 1999. Under the Note, River East, the borrower, was only permitted to prepay the mortgage if it also paid a "prepayment fee" to the lender, VALIC. On January 6, 2003, River East sold the real estate in question and, on July 1, 2003, paid the $4,713,601.27 prepayment fee claimed by VALIC. In Count I of its Second Amended Complaint, River East sought declaratory judgment that the prepayment fee was an unenforceable penalty and return of the fee less the amount of the Note's alternative, one *per cent*, minimum fee, which River East conceded was enforceable ($123,012).

In September 2004, during the course of discovery, River East's expert discovered and River East disclosed to VALIC that VALIC had miscalculated the prepayment penalty under the contractual formula. VALIC had mistakenly used the comparable-maturity Treasury rate as of the

---

[1] VALIC did not appeal this Court's rulings with respect to Count II of the Second Amended Complaint, VALIC's counterclaim or VALIC's third-party complaint. *See* pages 4-5, *infra*.

date of the Payoff Statement, rather than as of the date of River East's notice of intent to prepay, to calculate the penalty. This error resulted in an overcharge to River East of $828,514.00.

After VALIC failed to return the overcharged amount, River East filed, on January 18, 2005, a motion for leave to amend its Complaint to add a second, alternative claim for the overcharge's return. VALIC still refused to return the full overcharged amount, instead repaying $826,922.27 plus statutory interest on January 31, 2005. VALIC continued to dispute the last $1,591.73 of the overcharged amount on the ground that, although the notice on its face was dated April 21, 2003, and a facsimile transmission line on the notice shows it was sent on April 21, 2003, a second facsimile transmission line showed it was *received* on April 22, 2003. Therefore, according to VALIC, the prepayment fee should have been calculated by reference to the April 22, 2003, Treasury rate, which would, in turn, increase the amount of the prepayment fee and lower the amount of the refund owed to River East.

This Court granted River East leave to file its Second Amended Complaint on February 1, 2005, and River East maintained Count II as an alternative count seeking the remaining $1,591.73 of the overcharged amount. Count II was to be decided on a single, factual issue: whether River East's notice of intent to prepay was received by VALIC on April 21 (as River East claimed) or April 22 (as VALIC claimed), 2003.

## B. VALIC's Counterclaim and Third-Party Complaint

On August 12, 2003, VALIC filed its Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint. VALIC's counterclaim sought attorneys' fees from River East under the terms of the Note, which state that if River East sues VALIC with respect to the Note and "does not prevail," VALIC may recover reasonable costs and attorneys' fees. (Pl. Ex. 14, ¶ 7). VALIC's third-

party complaint, on the other hand, sought attorneys' fees from McLean under the terms of a Personal Guaranty, which obliged him to pay certain "Guaranteed Obligations," as that term is defined in the Guaranty. (Def. Ex. 14, ¶ 3.1).

C.     **This Court's Order**

On September 22, 2006, following a bench trial, this Court entered judgment in favor of River East on Count I of its Complaint and against VALIC on VALIC's counterclaim and third-party complaint. (Ex. A, p. 25). In doing so, the Court found that River East was a "prevailing party" both on the merits of Count I and "based on its refund of $826,922.27 received because of VALIC's previous error. This error was discovered by [River East's expert,] Morrow after, and as a result of, the suit that was commenced by MCL [*i.e.*, River East] in the Circuit Court of Cook County, Illinois." (*Id.* at 24). This Court also held that neither the prepayment fee nor VALIC's costs and fees fell within the definition of "Guaranteed Obligations" in McLean's Personal Guaranty. (*Id.*) Finally, the Court found that VALIC received River East's notice of intent to prepay the loan on April 21, 2003. (*Id.* at 23).

D.     **VALIC's Appeal**

VALIC appealed this Court's September 22, 2006, order and, on appeal, argued for the reversal of this Court's ruling on Count I of the Complaint. VALIC's opening brief contained no argument for the reversal of this Court's rulings on VALIC's counterclaim and third-party complaint, instead merely designating McLean as an "appellee" on the cover of its brief and asking, in the conclusion, that the appellate court "reverse the judgment as to VALIC's counterclaim for attorneys' fees and costs." (Ex. B). Nowhere did VALIC argue that River East was not a prevailing party independently of Count I or that VALIC's attorneys' fees fell within the scope of McLean's

"Guaranteed Obligations."

River East argued that any argument for reversal of those rulings was, therefore, waived. *See United States v. Fazio*, 914 F.2d 950, 959 n.15 (7th Cir. 1990) (perfunctory arguments waived). VALIC's reply was limited to a single footnote, reproduced here in full: "VALIC respectfully submits that it did not waive its counterclaim [*sic*] with respect to Third-Party Appellant Daniel McLean, VALICBr.4, 46. Remand for determination as to the counterclaim necessarily turns on this Court's decision on Count I." (Ex. C).

### E. The Court of Appeals' Order

On September 13, 2007, the Court of Appeals for the Seventh Circuit reversed and remanded with instructions to enter judgment in VALIC's favor on Count I of the Complaint. (Ex. D, p. 16). The appellate court also noted this Court's finding that River East's notice of intent to prepay was received on April 21, 2003, but became confused by an error in this Court's math, stating:

> Perhaps we misread the district court's finding of fact regarding the date of notice, or perhaps we misread the district court's math. But if, as we suspect, the district court has found that notice was received on April 21, the exact amount of River East's refund should be clarified on the remand.

(*Id.* at 15-16). This mathematical error is addressed in greater detail on page ____, *infra*.

The appellate court went on to state that, given its confusion regarding the mathematical error, it was "uncertain whether River East did or should prevail on the second count." (*Id.* at 16). It also noted that "[t]he loan documents provided that if River East sued VALIC under the note and did not prevail, then River East would owe VALIC costs and fees, to include attorney's fees" and, erroneously, that "VALIC's cross-claim against River East, and third party complaint against McLean as the guarantor of River East's obligations, was based on those terms." (*Id.*)

In fact, as noted above, VALIC's third-party complaint centered on the meaning of "Guaranteed Obligations" under McLean's Personal Guaranty, not whether River East was a "prevailing party." Moreover, the appellate court failed to mention this Court's finding that River East was a "prevailing party" independently of its success on Count I, "based on its refund of $826,922.27 received because of VALIC's previous error." (Ex. A, p. 24). Nevertheless, the appellate court directed this Court to "consider" whether the correction of its mathematical error would, somehow, alter the Court's ruling in favor of River East on VALIC's counterclaim and third-party complaint. (Ex. D, p. 16). The appellate court then remanded "for further proceedings consistent with [its] opinion." (*Id.*)

## ARGUMENT

The Seventh Circuit directed this Court to clarify (1) that VALIC received River East's notice of intent to prepay on April 21, 2003; (2) that River East prevailed on Count II of the Second Amended Complaint; (3) the exact amount of the overcharge that has been and is to be refunded to River East; (4) whether the answers to questions (1), (2) and (3) affect River East's status as a "prevailing party" with respect to VALIC's counterclaim; and (5) whether the answers to questions (1), (2) and (3) affect the Court's judgment in favor of McLean on VALIC's third-party complaint. These are the only questions before the Court.

Before addressing these questions in detail, however, it is important to note that this Court's holding that River East is a "prevailing party" does not depend on River East's success on Count II or the precise amount of River East's recovery. Instead, as this Court has already held, River East is a prevailing party because, by virtue of bringing this lawsuit — and independently of obtaining judgment on either Count of the Complaint — it forced the return of $826,922.27. Illinois law

defines a "prevailing party" as one who is "successful on any significant issue in the action and achieves some benefit in bringing the suit, ... receives a judgment in its favor, or ... achieves an affirmative recovery." *Med+Plus Neck & Back Pain Ctr., S.C. v. Noffsinger*, 311 Ill. App. 3d 853, 861, 726 N.E.2d 687, 694 (2d Dist. 2000). River East undoubtedly received an affirmative recovery in this case and achieved some benefit in bringing the suit. River East is, therefore, a prevailing party and not liable for VALIC's attorneys' fees, regardless of its whether River East obtains judgment on Count II or the precise amount of its recovery thereunder.

### A. The Notice of Intent to Prepay and River East's Success on Count II.

As to the first two questions, this Court already found that VALIC received River East's notice of intent to prepay on April 21, 2003, and, therefore, that River East was overcharged for the prepayment fee in the amount of $828,514. (Ex. A, pp. 8-9, 23). The court of appeals did not reverse this finding. Indeed, it explicitly noted that "the district court appears to have made a finding of fact that the notice was received on April 21." (Ex. D, p. 15).

The date of VALIC's receipt of the notice was the only factual issue necessary to resolve Count II of the Complaint. Accordingly, because this Court found that the notice was received on April 21, 2003, this Court should enter judgment on Count II in favor of River East.

### B. The Amount of the Overcharge and VALIC's Remaining Obligations to River East

The amount of the overcharge is clear, the court of appeals' confusion notwithstanding. It was stipulated before trial that River East was overcharged by $828,514 if the notice was received on April 21st, and by $826,922.27 if the notice was received on April 22nd. VALIC has returned $826,922.27. Because this Court found that the notice was received on April 21, 2003, VALIC must pay River East the remaining overcharge amount of $1,591.73. This Court should enter, therefore,

an order directing VALIC to pay River East $1,591.73 plus statutory interest for the period from July 1, 2003, to the present.

With respect to the court of appeals' confusion regarding the mathematics, this Court did, in fact, made a minor error in calculating the refund due to River East by virtue of River East's success on Count I, but this error does not relate to the Count II overcharge. River East paid VALIC $4,713,601.27 and VALIC returned $826,922.27. River East conceded that VALIC could keep $123,012.15. When this Court found in favor of River East on Count I, therefore, it should have ordered return of $3,763,666.85, but, instead, ordered a return of $3,762,666.85. The $1,000 difference can only be attributed to an arithmetic error.

This error does not affect, however, the amount River East is entitled to receive if judgment is entered on Count II of the Complaint. Indeed, that amount was stipulated by the parties prior to trial: $1,591.73. (Ex. A, pp. 8-9). The appellate court's confusion should not, therefore, have any affect on this Court's prior findings and holdings with respect to Count II or the overcharged amount.

## C. River East Remains a Prevailing Party and is Entitled to Judgment in its Favor on VALIC's Counterclaim for Fees.

As noted above, River East is a "prevailing party" and, therefore, not liable on VALIC's counterclaim for attorneys' fees, regardless of whether River East obtains a judgment on Count II or the precise amount of its recovery. "A party may be considered to be a 'prevailing party' for the purposes of a fee-shifting provision when it is successful on any significant issue in the action and achieves some benefit in bringing the suit, when it receives a judgment in its favor, or when it achieves an affirmative recovery." *Med+Plus Neck & Back Pain Ctr., S.C. v. Noffsinger*, 311 Ill. App. 3d 853, 861, 726 N.E.2d 687, 694 (2d Dist. 2000).

River East has already achieved an affirmative recovery and "prevailed" in its suit against VALIC by forcing VALIC to repay $826,922.27 of the overcharged amount, which would not have been recovered if not for this suit. This Court agreed, finding that River East was a "prevailing party," independent of the merits of Count I, "based on its refund of $826,922.27 received because of VALIC's previous error. This error was discovered by [River East's expert,] Morrow after, and as a result of, the suit that was commenced by MCL [*i.e.*, River East] in the Circuit Court of Cook County, Illinois." (Ex. A, p. 24). This finding remains true regardless of whether River East now obtains judgment on Count II of the Second Amended Complaint or receives an award of an additional $1,591.73.

The court of appeals did not reverse, or even question, this Court's finding regarding River East's status as a prevailing party, its confusion regarding the precise recovery amount notwithstanding, and there is no basis for this Court to reconsider its finding. Because River East is a prevailing party, VALIC is not entitled to fees or costs under the Note's terms. Accordingly, the Court should leave its judgment in favor of River East on VALIC's counterclaim untouched.

**D.  Judgment in Favor of McLean on VALIC's Third-Party Complaint is Unaffected by the Court of Appeals' Concerns Regarding Count II, the Amount of River East's Recovery and/or River East's Status as a "Prevailing Party."**

In its Opinion and Order, this Court found that McLean executed a Personal Guaranty obliging him to pay the "Guaranteed Obligations," as that term is defined in the Guaranty. (Ex. A, p. 24). The Guaranty defines "Guaranteed Obligations" as "all obligations to Lender for which Lender has full recourse to Borrower pursuant to Section 19 of the Note" and the costs and fees incurred enforcing the Guaranty. (*Id.*) Neither the prepayment penalty nor VALIC's costs and fees incurred in defending the terms of the Note are listed in Section 19 of the Note as "obligations to

Lender for which Lender has full recourse to Borrower." (*Id.*) Accordingly, VALIC has no claim against McLean. Since VALIC has no claim against McLean under the Personal Guaranty, it cannot recover costs and/or fees incurred in enforcing that Guaranty.

The court of appeals' opinion does not address, in any way, this Court's holdings or the substance of VALIC's third-party complaint. This is unsurprising, as VALIC itself never addressed the claim in either of its appellate briefs. The court of appeals certainly did not reverse or question this Court's holdings with respect to McLean's Personal Guaranty. Moreover, the court of appeals' concerns about Count II, the overcharge amount and/or River East's status as a prevailing party have no bearing on this Court's findings regarding the third-party complaint, as that complaint does not rely, in any way, on the Note or the Note's language regarding prevailing parties. Instead, VALIC's third-party complaint relies entirely on the Personal Guaranty, which contains no reference to prevailing parties whatsoever. There is simply no reason for this Court to reconsider its prior holdings. Accordingly, the Court should leave its judgment in favor of McLean on VALIC's third-party claim for costs and fees untouched.

## CONCLUSION

For all of the reasons stated above, River East respectfully moves this Court for an Order:

A.  Entering judgment in favor of River East on Count II of River East's Second Amended Complaint;

B.  Ordering VALIC to pay River East $1,591.73 plus statutory interest on that amount for the period from July 1, 2003, to the present;

C.  Terminating this case; and

D.  Granting such other relief as the Court deems necessary and just.

Respectfully submitted,

**RIVER EAST PLAZA, L.L.C. and DANIEL E. MCLEAN**

By:    /s/ Stan Sneeringer

Arthur M. Holtzman
Stan C. Sneeringer
PEDERSEN & HOUPT, P.C.
161 North Clark, Suite 3100
Chicago, Illinois 60601
(312) 641-6888

# CERTIFICATE OF SERVICE

Stan C. Sneeringer, an attorney, states that he caused a copy of the foregoing **RIVER EAST'S MOTION FOR ENTRY OF JUDGMENT** to be served upon the following counsel of record:

## SERVICE LIST

Peter E. Cooper
Charles J. Risch
Lawrence Kamin Saunders & Uhlenhop LLC
300 South Wacker Drive, Suite 500
Chicago, IL 60606

via electronic filing on November 20, 2007.

                                                 s/Stan Sneeringer