UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| RIVER EAST PLAZA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 03 C 4354 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| VARIABLE ANNUITY LIFE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, River East Plaza, L.L.C. ("River East") f/k/a MCL Clybourn Square South, L.L.C., brought suit against Variable Annuity Life Insurance Company ("VALIC") for a declaratory judgment that a prepayment fee provision in a commercial loan was an unenforceable penalty (Count I) and for breach of contract (Count II). VALIC filed a counterclaim against River East for costs and attorney's fees. VALIC also filed a third-party claim against Daniel E. McLean, who personally guaranteed the loan, for costs, fees and expenses incurred by VALIC.

In *River East Plaza v. Variable Annuity Life Insurance Company*, 2006 WL 2787483 (N.D. Ill., Sept. 22, 2006), this Court held that the prepayment provision in the loan agreement was an unenforceable penalty and entered judgment in favor of River East on Count I of the Complaint. The Court held that Count II was moot, as that claim was an alternative basis for relief that depended on the provision's being enforceable. Finally, the Court entered judgment against VALIC on its counterclaim and third-party claim.

On appeal, the Seventh Circuit reversed this Court's determination on Count I, holding that the prepayment provision was enforceable. *River East Plaza v. Variable Annuity Life Insurance Company*, 498 F.3d 718, 725 (7th Cir. 2007) (*River East*). The Seventh Circuit remanded the case for a determination on Count II and VALIC's counterclaim in light of its holding as to Count I. *River East*, 498 F.3d at 726-27.

Currently before the Court are cross-motions by River East and VALIC for entry of judgment on both Count II and the counterclaim.

## BACKGROUND

On December 17, 1999, River East and VALIC entered into an agreement ("the Loan Agreement"), pursuant to which VALIC loaned River East $12.7 million to be repaid over 20 years.

Approximately three years after entering into the Loan Agreement, River East decided to exercise its option to prepay the loan. On April 21, 2003, River East, via facsimile, provided VALIC's servicing agent for the loan, GEMSA, with a request for a payoff letter showing the amount due as of July 1, 2003. The parties dispute whether GEMSA received the fax on April 21 or April 22. A copy of the fax retained in GEMSA's files shows two transmission confirmation lines. One indicates that the fax was sent on April 21. The other reads "APR 22 2003 15:15 FR [from] MCL Companies." On June 12, 2003, GEMSA provided River East with a loan payoff statement, listing all sums due and payable from River East in connection with the payment of the loan, including a prepayment premium of $4,713,601.27.

2

On June 16, 2003, River East filed a one-count complaint in the Circuit Court of Cook County, Illinois, seeking a declaratory judgment that the prepayment premium was an unenforceable penalty and a refund of the premium. The case was then removed to this Court by VALIC. On July 1, 2003, River East, under protest, paid the $4,713,601.27 prepayment premium. VALIC then filed a counterclaim against River East for its costs and expenses incurred in defending against the action.

On September 29, 2004, River East disclosed to VALIC that River East had learned through discovery that VALIC had miscalculated the prepayment premium. Under the Loan Agreement, the prepayment premium amount depended, in part, on the yield to maturity on certain United States treasury bonds as of the date that VALIC received notice of River East's intent to prepay the loan. In calculating the prepayment premium, VALIC and/or GEMSA erred by using the yield to maturity as of June 2, 2003, rather than the yield to maturity as of the date that VALIC received notice of River East's intent to prepay. This resulted in an overpayment by River East of $828,514.00 if VALIC received notice on April 21, 2003, or an overpayment of $826,922.27 if VALIC received notice on April 22, 2003.

On January 18, 2004, River East filed a motion for leave to file its Second Amended Complaint, in which it alleged breach of contract, Count II, and sought a refund of $828,514.00 that River East had overpaid as part of the prepayment premium. Shortly after River East moved to amend the Complaint, VALIC offered to refund $826,922.27 of the prepayment premium, plus interest; and on January 31, 2004, VALIC refunded that amount plus interest to River East. On February 1, 2004, River East's motion to amend was granted. River East filed its Second Amended Complaint, adding Count II, on that day.

3

In February and March of 2006, this Court held a bench trial on all of the parties' claims. As mentioned above, the Court ruled that the prepayment premium provision in the contract was an unenforceable penalty and, therefore, ruled in favor of Plaintiff on Count I. The Court held that River East's alternative claim, Count II, partial refund of the prepayment premium, was moot. Furthermore, VALIC's counterclaim for costs and attorney's fees was denied because River East was "a 'prevailing party' on the merits of this action, *i.e.*, that the prepayment provision based on the yield-maintenance clause is a penalty and unenforceable," (Count I). River East was also a "prevailing party based on its refund of $826,922.27 received because of VALIC's previous error," (Count II).

## ANALYSIS

### Count II

The amount of money that remains in dispute under Count II (after River East received VALIC's refund of $862,922.27) is $1,591.73. The remaining issue in Count II turns solely on the factual question of whether VALIC received notice of River East's intent to prepay on April 21 or on April 22 of 2003. If VALIC received notice on April 22, then the full amount of the refund due to River East, $826,922.27, has been paid. If, however, notice was received on April 21, then VALIC owes an additional $1,591.73 on what should have been a $828,514.00 refund.

This Court previously found that "[b]ased on the facsimile produced at trial, River East provided notice of its intent to prepay the Loan on April 21, 2003." VALIC argues that this statement indicates only that River East provided notice, not that VALIC received notice, which is the relevant question. However, this interpretation of the Court's findings is erroneous. The

4

immediately preceding sentence references the dispute between the parties regarding whether VALIC received notice on the 21st or 22nd. Thus, the statement that "River East provided notice . . . on April 21, 2003," citing evidence introduced at trial, indicates that the Court made a finding that notice was received by VALIC on April 21, 2003, and was so intended.

VALIC further argues that there was insufficient evidence introduced at trial to support a finding that notice was received on April 21. However, the time for making that argument is long past. The issue was decided at the trial and will not be revisited now.

*VALIC's Counterclaim*

Under the Loan Agreement:

If (i) Payee [VALIC] retains an attorney in connection with any default or to collect, enforce or defend this Note or any of the other Security Instruments . . . or (iv) Maker [River East] or anyone claiming by, through, or under Maker . . . sues Payee in connection with this Note or any of the Security Investments and does not prevail against Payee, then in any such event Maker agrees to pay to Payee, in addition to principal and interest, all reasonable costs and expenses incurred by Payee in connection with such collection, enforcement, defense, suit or proceeding, including, without limitation, reasonable attorney's fees, regardless of whether incurred in connection with any bankruptcy, reorganization, probate, receivership or other court proceedings (whether at the trial or the appellate level).

The Court's Opinion and Order previously denied VALIC's counterclaim for attorney's fees and costs not only because River East had prevailed on Count I but also because "River East is also the prevailing party based on its refund of $826,922.27 received because of VALIC's previous error."

River East argues that VALIC's counterclaim must fail because this Court has already held that River East is a prevailing party on the basis of the $826,922.27 refund and that the law of the case doctrine prevents the Court from reexamining that decision. Furthermore, River East argues that even if the decision is open for reconsideration, River East is still a prevailing party due to their recovery of the refund and their success on Count II.

VALIC argues that any language in this Court's first opinion regarding the refund is of no import because Claim II was mooted by the Court's decision on Claim I. VALIC further argues that the law of the case doctrine does not apply and that even if it did, it is only a presumption that should not apply in this case. Finally, VALIC argues that neither the refund to River East nor River East's success on Claim II supports a determination that River East is a prevailing party for the purposes of the Loan Agreement provision set out above.

Because this is a diversity action, the question of attorney's fees must be decided under Illinois law. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1014 (1985). The general rule is that each party bears the burden of its own attorney's fees, but parties to a contract may alter this rule. *Powers v. Rockford Stop-n-Go, Inc.*, 326 Ill. App.3d 511, 515 (2001) (*Powers*). Such agreements should be strictly construed, *Powers*, 326 Ill. App.3d at 515; *Pelton v. McGiven's Inc.*, 375 Ill. App.3d 222, 226 (2007) (*Pelton*); and the court must determine the intention of the parties with respect to the payment of attorney's fees. *Jackson v. Hammer*, 274 Ill. App.3d 59, 70 (1995) (*Jackson*); *Pelton*, 375 Ill. App.3d at 226.

"A party can be considered to be a 'prevailing party' for the purposes of a fee-shifting provision when it is successful on any significant issue in the action and achieves some benefit in bringing suit, when it receives some judgment in its favor, or when it achieves an affirmative

6

recovery." *Med+Plus Neck and Back Pain Center v. Noffsinger*, 311 Ill. App.3d 853, 861 (2000) (*Noffsinger*); *R.J. Management Co. v. SRLB Develpment Corp.*, 346 Ill. App.3d 957, 971 (2nd Dist. 2004) (same). In *Noffsinger*, the court upheld the trial court's decision not to award attorney's fees because "both parties were successful on significant issues in the action." *Noffsinger*, 311 Ill. App.3d at 861. *See also Pelton*, 375 Ill. App.3d at 227-28 ("when the dispute involves multiple claims and both parties have won and lost on different claims, it may be inappropriate to find that either party is the prevailing party").

This Court previously held that River East was a prevailing party "based on its refund of $826,922.27." Defendant has presented no compelling reason to alter this decision. The $826,922.27 recovered from VALIC certainly qualifies as "some benefit" and "an affirmative recovery" that River East received by bringing suit. *See Noffsinger*, 311 Ill. App.3d at 861. VALIC argues that River East's recovery does not qualify it as a prevailing party because the payment was voluntary. VALIC cites *Bruemmer v. Compaq Computer Corp.*, Ill. App.3d 755 (1st Dist., 2002) (*Bruemmer*), and *Melton v. Frigidaire*, 346 Ill.App.3d 331 (1st Dist., 2004) (*Melton*), in support of its contention that a voluntary payment resulting from litigation does not qualify the recipient as a prevailing party. However, those cases dealt with fee-shifting provisions under a federal law, the Magnuson-Moss Warranty Act. They do not address the meaning of the term "prevail" in the context of a contract between two private parties under Illinois law. Under Illinois law, a party who prevails by way of settlement may be deemed a prevailing party. *See First Colonial Trust Co. v. H.S. Crocker Co., Inc.*, 1994 WL 49025 at *10 (N.D. Ill. 1994) (party that received an "affirmative recovery" in a settlement was a prevailing

7

party for purposes of a lease that awarded attorney's fees to a prevailing party). Therefore, River East's recovery of $826,922.27 qualifies it as a prevailing party under Illinois law.

Furthermore, River East's success on Count II also makes it a prevailing party. VALIC argues that Count II is so minor as compared to Count I that River East's success on Count II should not be relevant to determining whether River East prevailed. However, a contractual fee-shifting agreement must be strictly construed. *Powers*, 326 Ill. App.3d at 515; *Pelton*, 375 Ill. App.3d at 226. The court must determine the intention of the parties with respect to the payment of attorney's fees. *Jackson*, 274 Ill. App.3d at 70; *Pelton*, 375 Ill. App.3d at 226. Under the Loan Agreement, River East is liable for attorney's fees only if it "does not prevail against" VALIC. Strictly construing the Loan Agreement, it cannot be said that River East has not prevailed. It has prevailed on Count II. Therefore, the Court finds that River East is a prevailing party by virtue of its success on Count II.

## CONCLUSION

Plaintiff's Motion for Entry of Judgment is granted. Judgment is entered on Count II of River East's Second Amended Complaint. VALIC is ordered to pay River East $1,591.73 plus statutory interest on that amount for the period from July 1, 2003, to the present. VALIC's Motion for Entry of Judgment is denied.

Dated: March 4, 2008

JOHN W. DARRAH
United States District Court Judge